```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


ANDREW WOLTERS,

              Plaintiff,
                                      CIVIL ACTION
      vs.                             No. 05-3034-SAC

J. T. SMITH, et al.,


              Defendants.
```

ORDER

By an order entered on May 18, 2005 (Doc. 7), Judge G. T. VanBebber of this court granted plaintiff twenty days to demonstrate his exhaustion of administrative remedies as required by 42 U.S.C. 1997e(a). Plaintiff filed a response (Doc. 8) and a supplemental response (Doc. 11).

The court has examined the record and enters the following findings and order.

The complaint alleges:

(Ct. 1) plaintiff was assaulted by defendant Reed on July 2, 2002, causing plaintiff to suffer two broken teeth and a jaw injury. Defendant Reed later wrote a false incident report charging plaintiff with fighting.

(Ct. 2) Plaintiff was assaulted by defendant Smith on November 30, 2003; defendant Smith attempted to cut plaintiff's throat with a boxcutter and broke plaintiff's eardrum with a pen.  Plaintiff later was examined by a physician's assistant, who was directed to write a false disciplinary report stating that the injury was self-inflicted.

Count 3.  Plaintiff was subjected to retaliation and cruel and unusual punishment in response to his efforts to seek relief through grievances and court filings.  Prison administrators tried more than 50 times to obtain urine samples to switch with those of other inmates to frame plaintiff.  Plaintiff received at least 50 incident reports. Plaintiff received a false incident report for fighting after the July 2002 assault.  Prison staff instructed law library staff to remove legal references from the library in order to interfere with plaintiff's access to the courts.  Staff later removed the typewriter from the law library for the same purpose.  Prison staff removed or destroyed medical records documenting plaintiff's injuries sustained in the assaults. Unknown prison staff instructed medical staff to inject plaintiff with an unknown substance.  Plaintiff made a threat to kill white prison staff in order to reduce misconduct by

staff members. Unknown prison staff, primarily at the Bureau of Prisons Central Office, refused to respond to or destroyed administrative grievances submitted by the plaintiff in order to bar his access to the courts.

Plaintiff identifies the following remedies as missing: #264563 (racial discrimination); #289887 and # 332929 (false incident reports); #330346 (prison conditions); #319506 (assault by Smith); #04-01753 (tort claim regarding Smith); and #280327 (sex abuse).

This civil action is "subject to the statute of limitations of the general personal injury statute in the state where the action arose." Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). In Kansas, that limitation period is two years. Kan. Stat. Ann. 60-513(a)(4).

The court finds petitioner's claim in Count 1 concerning the alleged assault by defendant Reed on July 10, 2002, and the allegation in Count 3 of a false incident report for fighting filed after that assault are not timely filed and must be dismissed.

Next, it is settled in the Tenth Circuit that the Prison Litigation Reform Act requires a prisoner to exhaust all

3

claims through the available administrative grievances, see 42 U.S.C. 1997e(a), and "the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice." Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

A comparison of the claims in plaintiff's complaint and his statement of his use of administrative remedies shows that plaintiff has not alleged his use of grievances concerning his assertion in Count 3 that he was subjected to retaliatory conduct, or that he sought relief through the grievance procedure on the underlying assertions that unnamed prison staff instructed law library staff to remove legal references and a typewriter from the law library to interfere with his access to the courts, that prison administrators tried on more than 50 occasions to frame him by obtaining urine samples to switch with those of other inmates, or that he received at least 50 incident reports in retaliation for his use of legal and administrative remedies.  See Brown v. Chandler, 2004 WL 2244492 *4 (10th Cir. 2004)(agreeing with determination by district court that prisoner had failed to exhaust administra-

tive remedies concerning claims of retaliation).[1]

Finally, the court finds that some of the allegations contained in the complaint appear to be legally frivolous, such as plaintiff's assertion that he was injected with an unknown substance in an "obvious[]...attempt to commit murder or serious harm." (Doc. 1, p. 4b.)

### Conclusion

For the reasons set forth, the court concludes this matter is subject to dismissal. Plaintiff's claims arising from the July 2002 incident are time-barred, and certain claims, including the claim alleging retaliatory conduct, has not been presented through the administrative grievance procedure.

IT IS THEREFORE ORDERED this matter is dismissed. Plaintiff's claims arising from the July 2002 incident are dismissed with prejudice as time-barred; the remaining claims are dismissed without prejudice.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is denied as moot.

IT IS FURTHER ORDERED plaintiff's motions to transfer

---

[1] A copy of that unpublished opinion is attached.

filed documents (Doc. 4), for subpoena (Doc. 5), and for copies (Doc. 9) are denied as moot.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 27${}^{th}$ day of September, 2005.

                              S/ Sam A. Crow
                              SAM A. CROW
                              United States Senior District Judge